IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC., <br><br> Plaintiff, <br><br> vs. <br><br> BAKER HYDRO-EXCAVATING, INC., KENNY BAKER, an individual, KEVIN BAKER, an individual, HAROLD BAKER, an individual, WENDY GERRARD, an individual <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE ON JURISDICTION AND DENYING MOTION FOR ENTRY OF CONSENT JUDGMENT** <br><br> Case No. 2:17-cv-1254-CW <br><br> Judge Clark Waddoups |

**JURISDICTION**

Plaintiff Commercial Credit Group Inc. ("CCG") has filed a complaint asserting the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* ECF No. 2 at ¶ 7.)[1] The complaint, however, contains two deficiencies with respect to CCG's jurisdictional allegations, such that the court cannot determine whether it in fact has diversity jurisdiction over this action.

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Consequently, courts "have an independent

---

[1] The complaint also alleges federal question jurisdiction under 28 U.S.C. § 1331, but the court sees no federal question presented on the face of the complaint. (*See generally* ECF No. 2.) Therefore, the court finds its jurisdiction over this case could not arise under § 1331.

1

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *See* 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 77 (1941) (discussing congressional policy behind diversity jurisdiction requirements, which requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

First, CCG alleges Defendant Baker Hydro-Excavating, Inc. is a Wyoming corporation. (ECF No. 2 at ¶ 2.) Although CCG appears to allege the state of incorporation, CCG does not allege Baker Hydro-Excavating's principal place of business. "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted); *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."). Both must therefore be pled as to Baker Hydro-Excavating.

Second, with respect to natural persons, diversity is also based on the person's citizenship. CCG pleads the residences of Defendants Kenny Baker, Kevin Baker, Harold Baker, and Wendy Gerrard, (ECF No. 2 at ¶¶ 3-6), but such allegations are insufficient to establish diversity jurisdiction. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs*, 781 F.3d at 1238 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)). Indeed, "an allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient

to confer jurisdiction upon the District Court." *Id.* A person is domiciled in a state "when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). CCG must allege the domicile or citizenship of each of the individual defendants.

Due to the two deficiencies identified above, CCG has not satisfied the pleading requirements for diversity jurisdiction in this case. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). The court therefore ORDERS CCG, **on or before February 2, 2018**, to show cause why the complaint should not be dismissed for lack of jurisdiction or to amend the complaint to plead properly the citizenship of the business entity and natural persons joined in this action. Failure to do so will result in the action being dismissed for lack of jurisdiction.

**MOTION FOR ENTRY OF CONSENT JUDGMENT**

The court has also considered CCG's Motion for Entry of Consent Judgment, (ECF No. 13). Due to evidentiary deficiencies discussed below and considering the posture of the case, the court denies the Motion at this time.

First, CCG alleges in the Motion that the parties have entered into a Settlement Agreement whereby the Defendants agreed to pay CCG $1,657,450.00 plus interest in weekly payments of $5,000.00 until paid in full. But CCG did not attach the Settlement Agreement to its motion. Nor is there any admissible evidence, as opposed to allegations, that Defendants have failed to make payments under the Settlement Agreement or that Defendants' counsel approved the Consent Judgment attached. Finally, Defendants have not had an opportunity to appear and

3

respond to the complaint in this action, and the deadline to do so has not passed. (*See* ECF Nos. 8-12 (waivers of service, indicating that answers are due February 26, 2018).)

Due to the evidentiary deficiencies in the Motion and the procedural posture of the case, the court DENIES CCG's Motion for Entry of Consent Judgment against Defendants, (ECF No. 13), without prejudice to refiling.

SO ORDERED this 19th day of January, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge